IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURIE GOGOL,

        Plaintiff,

v.

TARGET CORPORATION,

        Defendant.

Case No. 23-CV-2312-HLT-TJJ

## MEMORANDUM AND ORDER

In this removed premises liability action, Plaintiff alleges she sustained serious physical injuries from tripping and falling over an obstruction embedded into and rising up from a sidewalk near the entrance of Defendant's retail store. This matter is before the Court on Defendant's Motion for Entry of Protective Order (ECF No. 12). Defendant requests entry of its proposed protective order limiting the disclosure, dissemination, and use of certain categories of Confidential Information. Plaintiff agrees to entry of the protective order, but objects to all but a few of Defendant's proposed protected categories. As explained below, the Court grants in part and denies in part the motion and will enter Defendant's proposed protective order (ECF 13-1), but revised to limit Defendant's proprietary information to "Defendant's records and information containing sensitive financial matters the disclosure of which could give its competitors a view of its operations and proprietary business practices," and (2) exclude "[o]ther confidential information of a party or third party previously maintained in a confidential manner" as protected categories of Confidential Information.

I.      **Legal Standards**

The Guidelines for Agreed Protective Orders for the District of Kansas[1] ("PO Guidelines") permit a party or the parties jointly to request entry of a protective order limiting the disclosure, use, and dissemination of certain categories of confidential information exchanged during discovery. The purpose of this type of protective order is to ensure that information designated by a party as confidential is protected from disclosure outside the litigation and used only for purposes of prosecuting or defending the action (and any appeals). This District has an approved form protective order that requires the parties to limit their designation of confidential information to specific and narrow categories of information they seek to protect.[2]

The District's PO Guidelines provide that if the parties disagree about the need for a protective order and/or its scope or language, the party seeking such an order must file an appropriate motion with the proposed protective order attached.  PO Guideline 2 requires that the scope of the protective order must be "narrowly tailored and not overbroad," and must include a "sufficiently narrow identification of the categories of documents, information, items, or materials (which may include electronically created or stored information) that are subject to the protective order."[3] The PO Guidelines also require the protective order clearly reflect that its provisions only apply to the named categories of documents, information, items, or materials. Finally, the PO Guidelines prohibit the parties from including in the protective order "information or documents that are available to the public or that have not been previously maintained in a confidential

---

[1] https://www.ksd.uscourts.gov/district-kansas-guidelines.

[2] https://www.ksd.uscourts.gov/civil-forms.

[3] PO Guideline 2, https://www.ksd.uscourts.gov/district-kansas-guidelines.

manner."[4]

## II.     Defendant's Proposed Categories of Confidential Information

Defendant's proposed protective order includes the following six categories of information or documents that a party may designate as "Confidential Information":

- Plaintiff's medical records and billing invoices for medical treatment;

- Video footage of the incident captured on equipment mounted by Defendant at the subject store at certain angles and in certain places that are not generally known by the public and are maintained by Defendant as confidential;

- Employment information of Plaintiff and Defendant's current and former employees, including personnel files, dates of birth, ages, and other personal demographics and confidential information. Plaintiff's disclosures indicated she intends to offer "[t]ax returns and payroll records" to support her claims for economic damages, and these are not generally known to the public;

- Proprietary information of Defendant, including records/information containing sensitive financial matters and the disclosure of which could give its competitors a view of its operations and proprietary business practices;

- Other confidential information of a party or third party previously maintained in a confidential manner; and

- Records, documents, and information the disclosure of which is restricted or prohibited by regulation, statute, or caselaw. Information or documents that are available to the public may not be designated as Confidential Information.[5]

Plaintiff states in her response brief that she consents to inclusion in the protective order of "medical records and billing, personnel files, and documents containing the social security number of individuals involved in this case including Plaintiff, Defendant's employees and other witnesses."[6] She also agrees that personnel files should be included within the protective order, as

---

[4] *Id.*

[5] Def.'s Proposed Protective Order (ECF No. 13-1) at 3–4.

[6] Pl.'s Resp. (ECF No. 19) at 2.

3

well as documents that contain any person's social security number, including tax returns and payroll records.[7] Plaintiff objects to all the other categories proposed by Defendant.

### III.   Disputed Protective Order Categories

####    A.   Security Video Footage of the Incident

Defendant includes the security video footage of the incident as a protected category of Confidential Information. In support of including this category, Defendant asserts that the video shows the camera angles and placement of monitoring equipment, which is confidential and not generally known to the public to safeguard Defendant's asset-protection efforts. Defendant states it treats the video footage as confidential, and Rule 26 does not require Defendant to rely on assurances by Plaintiff's counsel that the video will not be shared publicly. Defendant argues this is especially important given the recent national announcement of the closure of stores in several states due to organized theft operations.

Plaintiff opposes including the video footage of the incident within the protections of the protective order. She argues Defendant's security cameras are routinely visible on the outside of its stores and Defendant has already produced a still shot from the video footage as part of its of Fed. R. Civ. P. 26(A)(1)(A) initial disclosures. Plaintiff contends that the still shot photo, produced by Defendant without a protective order of any kind, discloses the camera angle and location of the camera just the same as the actual video would.

The Court rejects Plaintiff's argument Defendant waived the right to seek confidential treatment of the video footage merely because it previously produced a still shot of the video footage as part of its initial disclosures without a protective order in place. In this case. Defendant

---

[7] *Id.* at 2–3.

only produced a still shot capturing a moment and not the entire video footage sought to be included within the protections of the protective order. A still shot is, in the Court's view, very different from a video such as at issue here. This cuts against Plaintiff's waiver-based argument for excluding the video footage from the protective order. Defendant is not precluded from requesting its video footage be treated as Confidential Information under the proposed protective order.

Defendant has also sufficiently shown that its interests in protecting its property would be harmed from public disclosure or dissemination of the video footage of the incident in this case. Although the camera is fully visible from the outside of Defendant's store, there would be other aspects of the video footage, such as camera view range, resolution clarity, and whether the camera was operational, that if disclosed, could disclose potential camera angle blind spots or other video surveillance weaknesses to potential thieves.

The Court will therefore enter Defendant's proposed protective order with Defendant's video footage of the incident as a protected category of Confidential Information.

**B.     Defendant's Proprietary Records Containing Sensitive Financial Information**

Plaintiff also objects to including "[p]roprietary information of Defendant, including records/information containing sensitive financial matters and the disclosure of which could give its competitors a view of its operations and proprietary business practices" as a protected category of Confidential Information. She argues Defendant has not made a particular and specific demonstration of fact to establish good cause for protecting this category, only offering the stereotyped and conclusory statement that the information is "competitively sensitive." She points out that Defendant is a publicly-traded corporation and therefore its financial records are open to the public.

Defendant asserts that it anticipates discovery may involve its financial records and competitively-sensitive commercial information, including how it, directly or through a third party claims administrator, handles threatened litigation and claims for personal injury or other harm claimed by customers. This may include confidential financial statements and profit or other records of Defendant the disclosure of which, in its highly-competitive industry, could create a financial disadvantage. Defendant states that its proposed protective order follows the District of Kansas approved content and does not seek to limit or prohibit discovery. It merely restricts public disclosure of confidential information while allowing the parties access to such information.

The Court finds Defendant's proposed category, when limited as follows, is a sufficiently narrow identification of the categories of documents, information, items, or materials that a party may designate as protected Confidential Information: Defendant's records and information containing sensitive financial matters the disclosure of which could give its competitors a view of its operations and proprietary business practices. The Court will limit this category of Confidential Information as stated here, removing "proprietary information of Defendant" generally. Defendant has shown that harm that could result from disclosure of its non-public, confidential and proprietary financial information. The protective order proposed by Defendant also includes the caveat that "[i]nformation or documents that are available to the public may not be designated as Confidential Information," which should address Plaintiff's concerns about Defendant's publicly available financial records. If Plaintiff believes Defendant has improperly designated any of its financial materials or documents as Confidential Information, it may challenge the designations as provided in the proposed protective order.

The Court will therefore enter Defendant's proposed protective order limiting this protected category of Confidential Information to "Defendant's records and information

containing sensitive financial matters the disclosure of which could give its competitors a view of its operations and proprietary business practices."

### C. Information Previously Maintained by a Party or Third Party in a Confidential Manner

Plaintiff also objects to including "other confidential information of a party or third party previously maintained in a confidential manner" within the provisions from the protective order, but offers no argument why it should be excluded. Nor does Defendant offer any argument for its inclusion. The Court finds this broad category is not narrowly tailored and requires a determination of whether a third party maintained the information in a confidential manner. The Court will therefore not allow this category to remain in the protective order.

### D. Records, Documents, and Information Restricted from Disclosures by Law

Plaintiff objects to the protective order including "records, documents, and information the disclosure of which is restricted or prohibited by regulation, statute, or caselaw" as Confidential Information, but offers no argument why the category should be excluded. Nor does Defendant offer any argument for its inclusion. The Court, however, notes that its form protective order instructions include a similar protected category of "records whose disclosure is restricted or protected by statute" as an example of an appropriate category of confidential information. The Court will therefore allow this category to remain in the protective order as a category of documents, materials, or information that a party may designate as Confidential Information.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Entry of Protective Order (ECF No. 12) is granted in part and denied in part. The Court will enter Defendant's proposed protective order (ECF 13-1), but revised in accordance with this Memorandum and Order to (1) limit Defendant's proprietary information to "Defendant's records and information containing sensitive financial matters the disclosure of which could give its competitors a view of its

operations and proprietary business practices," and (2) exclude "[o]ther confidential information of a party or third party previously maintained in a confidential manner" as protected categories of Confidential Information.

IT IS SO ORDERED.

Dated October 18, 2023, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge